## RANKIN *vs.* ATHERTON.

Where the agent of the owner of a lot of land contracted to sell the same, and also an additional piece which his principal did not own, but which both the agent and purchaser supposed to be his, and the deed included such additional piece, and was executed by the owner of the land without his discovering that the deed included this additional piece; *held,* that a bill filed by the principal to restrain the purchaser from proceeding at law upon the covenants of seisin, and to correct the mistake in the deed, could not be sustained.

THE bill in this cause was filed to correct an alleged mistake in a deed from the complainant to the defendant; and to restrain the latter from proceeding at law on the covenants of seisin. The bill stated, in substance, that the complainant's agent contracted with the defendant to sell him the undivided half of a certain tavern stand at Ticonderoga, being part of lot number one; that the land contracted for and intended to be sold was the whole lot, except three several pieces reserved out of the same in the deed by which the complainant acquired his title; but that the scrivener, who filled up the deed to the defendant, which was executed by the complainant in New-York, by mistake, excepted only one of those pieces. The bill also alleged that the defendant had not only refused to release or reconvey to the complainant the two pieces of land included in the deed by mistake; but on the contrary, that he had brought an action at law, to recover damages against the complainant, on the ground of the want of seisin in him as to those two pieces. On the coming in of the answer the defendant moved to dissolve the injunction.

*Isaac Hamilton,* for the complainant.

*James King,* for the defendant.

THE CHANCELLOR. The answer of the defendant contains a full denial of all the equity contained in the bill, except as to the mistake in not excepting the Justus Bailey lot from the lands conveyed by the deed. Although the complainant has sworn positively as to the bargain which was made between

his agent and the defendant, and as to several other matters stated in the bill, yet it is evident from the very nature of those allegations that he could not have intended to swear they were true of his own knowledge, as he has in fact done. This is only another instance of the carelessness with which parties sometimes allow themselves to swear to bills, answers, &c. in this court. Taking the charges in the bill to be, what the complainant only meant to allege, that he had been informed and believed his agent made a verbal agreement to sell only the particular piece which the complainant owned, there is no material conflict between the oaths of these parties, to the bill and to the answer. In that view of the facts, the case as presented by the bill, and by those parts of the answer which are directly responsive to the allegations contained therein, would be this : The complainant and the representatives of Heyer owned lot number one, except three pieces thereof, marked on the diagram annexed to the answer, as A C and D. The agent of the complainant supposing him to be the owner of C as well as of B, which he actually owned, contracted to sell the same to the defendant, as parts of the tavern stand ; the defendant understanding it in the same way, and intending to contract for the whole. Owing to the mistake of the person who drew the deed, the bargain was consummated without this error being discovered. And it was not discovered until it had probably become impossible to rescind the sale and restore the parties to the situation in which they formerly stood. As no blame whatever can attach to the defendant in this suit, and as he has paid what he agreed and intended to pay for two pieces of land, and has only gotten a valid title to one, he is entitled, on the covenants in his deed, to recover back a proportional part of the consideration money. And if the complainant has parted with his property for less than he intended to ask for it, in consequence of such deduction, the loss has arisen either from his neglect to inform his agent of the precise extent of his land, or from his own neglect in not reading the deed before he executed the same and sent it to the agent to be delivered. Situated as these two pieces of land were, lying in common, it was perfectly natural that both the agent and the defendant should suppose they belonged to the complainant, and were to be sold as one piece.

For the decision of this motion it is not material to enquire whether any blame can attach to the defendant in relation to the Justus Bailey lot. But if the allegations in the answer are true, the complainant will subject himself to useless expense by proceeding any further in this suit. The account which the defendant gives of that part of the transaction is, that he discovered, when the deed was delivered to him, that it included lot A which he had neither bought, nor intended to buy. That he then informed the agent of the mistake ; but the agent told him it would make no difference, as it could be understood that his line was to run 30 feet east of the barn. That the agent then called witnesses, and pointed out to them where that line of the purchase was intended to be, and that it embraced all of lot number one west of that line except lot D, and extending to the outlet of the lake. And the defendant, on the hearing of this application, also offered to read an affidavit of a witness, who was called by the agent at that time, to sustain this part of his answer. The defendant also swears in his answer, that he has always been ready and willing, and has repeatedly offered to reconvey, or to release the covenants in the deed, so far as relates to the Justus Bailey lot. And the same offer is repeated in the answer.

The defendant does not ask to have the injunction dissolved so far as it restrains him from claiming any damages on account of lot A. But as the amount of the recovery must be regulated by the relative value between the lots intended to be purchased when compared with the whole purchase money mentioned in the deed, the defendant may be embarrassed, on the trial at law, from the circumstance that lot A is included in the deed, and is apparently a part of the land for which the purchase money was paid. The injunction must be absolutely dissolved, to enable him to show that the title to that lot also failed, otherwise an undue advantage may be taken of him on the trial ; but he must be restrained from claiming any more damages on the trial than he would have been entitled to recover if lot A had been actually excepted out of the conveyance.